IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>GERMAN ZAPATA-ACOSTA, his wife MYRKA HANIR ACOSTA-JAVIERRE, and THE CONJUGAL PARTNERSHIP BETWEEN THEM,<br><br>    Defendants. | CIVIL NO. 15-1061 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

    This is a mortgage foreclosure action brought by Roosevelt Cayman Asset Company against Germán Zapata-Acosta, Myrka Hanir Acosta-Javierre, and the Conjugal Partnership Constituted between them. According to the complaint, defendants breached loan repayment obligations by failing to make agreed-upon mortgage payments; as of December 9, 2015, they owed $437,839.66 in principal, plus accrued interest, late charges, and other fees; and plaintiff has attempted to collect the outstanding amounts, to no avail. Before the court is plaintiff's "Motion for Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment" (Docket No. 20), which defendants opposed (Docket No. 23). For the reasons explained below, the motion is GRANTED.

### I.     FINDINGS OF FACTS

    Careful record review shows there is no genuine dispute as to the following facts:

1. On September 30, 2005, for value received, defendants subscribed, signed and delivered a mortgage note payable to Doral Bank, or its order, for the principal amount of $428,000.00, with interest at the rate of 5.95% per annum (Docket No. 20, Exh. 2).

2. As guarantee of the note, on that same date, defendants executed and delivered a mortgage constituted by deed number 739, in San Juan, Puerto Rico and before Notary Public Ricardo E. Vargas Valle, as thereafter modified on March 22, 2011 pursuant to deed number 122 executed in San Juan, Puerto Rico, before Notary Public Fabiola Ansotegui Blanc, modifying the principal balance to $405,835.48 and the annual interest rate to 4.106% for the first year; 5.95%, beginning on May 1, 2012 until April 1, 2013; and 5.95% beginning on May 1, 2013 until maturity on October 1, 2045.  Id. at Exhs. 2-4.

3. The mortgage was executed upon the following property:

   URBANA: Solar Número Ocho (8) con un área superficial de 1068.1056 metros cuadrados. Colinda por el SUR-OESTE, en una distancia de 12.0330 metros con la calle de acceso al proyecto; por el SUR, en una distancia de 21.1140 metros con el solar número 9; por el ESTE, en una distancia de 50.0456 metros cuadrados con la parcela del señor Fernández Segarra, (Parcela Número 30); por el NORTE, en una distancia de 13.7197 metros con el proyecto vecino Treasure Point (antes parcela número 14); y por el OESTE, en una distancia de 43.0630 metros con el solar número 7. Ubica en este solar una casa de hormigón armado y bloques de un área aproximada de 2916.00 pies cuadrados con las siguientes dependencias: En el primer nivel (planta baja): Entrada, vestíbulo, sala, comedor, cocina, sala familiar, medio baño, terraza, garaje doble y escaleras que comunican con el Segundo nivel. En el Segundo nivel (planta alta): Dormitorio principal incluyendo baño y closet, tres dormitorios adicionales, un cuarto de baño, un cuarto de lavandería y escaleras que comunican con una terraza elevada abierta a nivel de techo.

   Property number 19419 recorded at page 181 of volume 316 of Vega Alta, Registry of the Property of Bayamón, Third Section.  Id.

4. At present Roosevelt Cayman Asset Company is the owner and holder of the mortgage note and deed. The mortgage securing the note is recorded in the Registry of Property, Third Section of Bayamón, at page 181 of volume 316 of Vega Alta. Id. at Exh. 1, ¶ 4; Exh. 5.

5. Defendants are the owners of the mortgaged property (Docket Nos. 1 at ¶ 13 and 6 at ¶ 13).

6. As of December 9, 2015, defendants owed the sum of $437,839.66 in principal, accrued interest since June 1, 2013, at the rate of 5.95% per annum, accrued late charges, attorney's fees and legal costs (Docket No. 20, Exh. 1).

7. Plaintiff has been unsuccessful in collecting the debt. Defendants underwent a loss mitigation proceeding with Rushmore Loan Management Services, LLC, plaintiff's servicer, but no agreement was reached. Id. at Exh. 1 ¶ 3; Docket No. 23 at p. 29, ¶ 6.

## II. DISCUSSION

Under Puerto Rico law, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." Puerto Rico Civil Code, Article 1044, P.R. Laws Ann. tit. 31, § 2994. A contract exists from the moment one or various persons consent to obligate themselves to another, to give something or to provide a service. Puerto Rico Civil Code, Article 1206, Laws of P.R. Ann. tit. 31, § 3371. Courts may not relieve a party of its obligations to do whatever they agreed to do via a contract. See, Constructora Bauzá v. García López, 91 J.T.S. 99, 9076 (1991); Cervecería Corona v. Commonwealth Ins. Co., 115 D.P.R. 345 (1984).

The evidence shows defendants entered into a valid contract, whereby on September 30, 2005, and for value received, they subscribed, signed and delivered a mortgage note payable to Doral Bank, or its order, for the principal amount of $428,000.00, with interest at the rate of 5.95% per annum. As guarantee of the note, they executed and delivered a mortgage in San Juan, Puerto Rico on the same date, and thereafter modified it to $405,835.48 and the annual interest rate to 4.106% for the first year; 5.95%, beginning on May 1, 2012 until April 1, 2013; and 5.95%

beginning May 1, 2013 until maturity on October 1, 2045. The mortgage was executed upon a certain property described in the complaint, which is the object of this case. The amount claimed is due. Defendants defaulted on their payment obligation. And as evidenced by the chain of endorsements in the note, plaintiff is at present the owner and holder of the note. As such, it is entitled to foreclose.

Defendants argue that plaintiff failed to negotiate in good faith during a loss mitigation process because the complaint was filed while the loss mitigation process was ongoing and plaintiff requested a down payment as a condition to modify the loan in relation to loss mitigation process (Docket No. 23, pp. 3, 7 and 29).[1] As relevant, 12 C.F.R. § 1024.41, which outlines loss mitigation procedures, states that there is no "duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41 (a). Further, it provides that "nothing in § 1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option." Id. So it does not prohibit servicers from requesting an advance on past-due payments nor forbids them from starting a judicial proceeding against debtor(s).

Defendants maintain that plaintiff has no standing to sue, for the endorsement of the promissory note to plaintiff has no date and, thus, no effect against third parties under Puerto Rico law (Docket 23 at pp. 2-3, 25). They suggest that the date should be written on the promissory note or in the recording of the assignment in the Property Registry, id., and state that, because the date was not included in either, plaintiff lacks standing to sue "third parties." Id. Yet they do not

---

[1] The argument is unsupported, consisting mainly of a recitation of state and federal case law regarding good-faith standards in foreclosure proceedings. See, id. at pp. 13-23.

support their statements with record citations as mandated by Local Rule 56 (e).[2] Instead, they refer to a set of 58 pages of exhibits without identifying specific portions in support of the propositions for which they are purportedly used. See, Docket 20, Exh. 1-8. The court has no independent duty to search or consider any part of the record that is not specifically referenced to. See, Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) ("Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority.").

### III.   CONCLUSION

The record reflects absence of a genuine dispute as to the material facts. Defendants are in default, without agreement regarding payment of the amounts due. Therefore, the motion for summary judgment is GRANTED, and in accordance with the mortgage deed, plaintiff is awarded:

- the sum of $437,839.66 in principal as of December 9, 2015;
- accrued interest which continues to accrue until full payment of the debt at the rate of 5.95% per annum;
- accrued late charges and any other advance, charge, fee or disbursements made by plaintiff on behalf of defendant;
- costs and 10% of mortgage note principal balance in attorney's fees.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of July, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[2] See, D.P.R. Civ. R. 56 (e) (stating that "an assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion" and that "the court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment").